And at this time, we'll hear Guthrie versus 11 East 36th Street. May it please the court. My name is Anthony Giuliano. I represent appellant Victoria Guthrie. Your Honor, I'd like to reserve two minutes for rebuttal. Your Honor, this appeal arises out of a bankruptcy court decision disallowing and expunging in its entirety appellant's claim against debtor 11 East. The district court affirmed the bankruptcy court's decision and also declined to hear the argument raised for the first time in front of the district court that an equitable lien or constructive trust should be imposed upon debtor 11 East in favor of appellant. In its essence, the bankruptcy court erred in its conclusion by deviating from holdings of the cases in which it's cited. It was this Denanco and Castle Trust, which in its conclusion of those two cases, determined that a unperfected security interest, which is avoided by the strong arm powers in 544A, results in an unsecured claim against the debtor's estate. The bankruptcy court reached the conclusion that the appellant's security interest was unperfected. And therefore, subject to avoidance. Your client's transaction was with the Morgan Fund. The initial transaction, the loan agreement, was with the Morgan Fund. Subsequently, there was an agreement entered into by 11 East to pledge collateral as security for the payment under that agreement. And so, ultimately, what happened here was the pledger, the pledge 11 East, files for bankruptcy. And then, when my client files a claim, a secured claim, based upon that pledge agreement and based upon the UCC filed, the debtors object and they say, the UCC- And so, based upon that pledge agreement, based upon the UCC, appellant filed a secured claim. The debtor objects to the secured claim saying that the UCC is seriously misleading, fatally defective, and therefore ineffective to create this security interest. And the bankruptcy court agreed. The bankruptcy court said, yes, in fact, this did not properly describe the collateral. And therefore, the appellant's security interest is unperfected. And because of the strong arm powers of 544A, that security interest is no longer, or I should say, is as unperfected subject to avoidance against the collateral. But then, what the bankruptcy court does is it concludes that because the unperfected security interest had been avoided, it is not a claim at all against the debtor's estate. This is not the holding of the cases that the bankruptcy court relied on. Nor, quite frankly, your honors, is it the holding of any case cited either by the- How much is the amount of the claim? The claim- How much? The claim as filed was a secured claim for $877,500, I believe. So, let's say it's $900,000, right? Correct. And that represents the entire amount plus interest that Ms. Guthrie lent to Morgan Funds, correct? Now, that pretty much means that any other contractor, anybody who provided services, labor, fuel oil to Leaven East, takes a back seat to this $900,000 claim or has to share a peripatsy with it, correct? Correct. Now, but here's the thing, I thought, has there been a default by Morgan Funds? Yes, your honor, pre-petition. There has been a default? Yes. And that default came after paying nothing to your client? Your honor, I do not believe that there were payment, any payments made, and therefore, there was an original loan agreement. But wasn't there, well, let's assume no payments were made, then that $900,000 is the amount of money that your client is legitimately out, as it were. But I had thought that Avi Babker was going to, and the Morgan Funds were going to get security interests on a whole bunch of Babker family properties, correct? Your honor, that's correct, there were. So were any of them perfected? Your honor, I am not aware as to the perfection of those other, whether or not they were perfected. No one has raised that with respect to other properties. Well, how can you claim $900,000 from this bankrupt estate if you have security interests that have been perfected with respect to the same transaction on other properties? What I do know, your honor, is that there were two claims filed. There are two debtors in this- I know that, yeah. And both the claim against the other debtors claim was expunged. The appellant's claim was expunged in its entirety as well, although we did not appeal that. The claim here is against the Lebanese, is the subject of the appeal only. And it was our position that that claim should remain as a secured claim. I understand everything you're saying. I'm asking a completely different question. I apologize. I don't see how you can possibly figure out what the amount of your claim is here unless one knows whether Avi Babker succeeded in perfecting security interests against the other Babker properties. Your honor, ultimately the amount of the claim can be determined by the bankruptcy court. If the claim had been allowed, even as- It sounds to me, however, not only would it be completely speculative, but we don't know how many properties. I mean, why would you obsess about collecting on your guarantee from this bankrupt entity with whom you never had any dealings and have no secured interest when you have other properties against which you do have perfected security interests? Your honor, I think the focus here is that it is a fair certainty based upon the plan and disclosure statement filed by the debtor that there would be substantial payments to be made on claims in this case. Whether those claims are secured or unsecured. So the focus here is primarily the fact that there is an asset, a viable asset that is subject to liquidation that would satisfy this claim. Now clearly, claims can be satisfied from multiple sources and all that affects is ultimately the amount that would be paid on a claim. That can be fixed by a bankruptcy court. Are you suing other guarantors? Your honor, to my knowledge, no other guarantors are being sued, although I do not represent- This is a very peculiar transaction altogether. Your honor- A person takes a $650,000 loan and gives all the money to a person who is a lawyer, who fails to perfect, thereafter, after default, fails to perfect security interests. And you're now suing the bankrupt estate of an entity that had nothing to do with your client. And you're not suing Avi Bobker, who's a lawyer. Presumably, he was representing your client in trying to perfect these interests. Your honor, to the, again, to the- It looks like you're suing somebody who had nothing to do with you and did nothing and you're going to try to suck a million dollars out of a bankrupt estate. When you have a lot of other targets of people who actually did harm your client. Your honor- Because this is a, you know, the bankruptcy is a court of equity. How do you explain this? Your honor, it is unmistakable, but that the debtor pledged its collateral to satisfy this debt. It is the right of appellant to seek to enforce that pledge against the debtor. It does not matter, necessarily, that it seeks it from other sources or not. What is important here is that this is the entity that pledged its collateral to satisfy the debt. And then turns around and says that the UCC that, incidentally, we filed on behalf- Who's we? We, the debtor, your honor, the debtor. The court, the bank- The debtor didn't file, Avi Bobker filed. Your honor- I don't know why you're not suing him. The bankruptcy court- Not that I'm giving you any ideas, but I don't understand your case at all. I don't even know why we're here. That's how fundamental my problem is with your case. Your honor, I can understand that the court would be interested in why other parties may or may not be sued to collect on this debt. But your honor, it fundamentally does not change the fact that one of the parties that this debt can be collected against is Debtor 11 East. Debtor 11 East pledged its collateral. It pledged its collateral because they had already defaulted. It induced them to enter into this amended loan agreement with appellant. It, it is not 11 East. It is Morgan Funds. Well, your honor, I believe that 11 East, by pledging its collateral, is the it that induced the appellant to enter into a further agreement with Morgan Funds. It pledged its collateral, but for that pledge, the debtor might not have entered into that agreement, the appellant. We'll hear the other side. You reserve the room up. Thank you. May it please the court, Jonathan Pasternak for appellees. Your honor, very briefly, Judge Grossman's decision contains a recitation of the facts. And in those facts, I believe Judge Grossman found there's clearly no debtor-creditor relationship. He is very clear the debtor didn't lend any money. There is no traditional indicia of a creditor relationship here. Beyond that, he goes and applies the avoidance principle to an, not only to an unperfected lien, but to the claim itself. Because as your honor pointed out, it would prejudice other legitimate claims. We have other claims in this bankruptcy that have not been paid yet. We have other legitimate unsecured claims, which are direct claims against this debtor. The only thing that the appellants seemingly say causes a claim would be under the pledge agreement. If you'll look at the pledge agreement, which- Would you consider that Avi Bobker filed the UCC1, prepared and filed the UCC1 in respect of the wrong entity? Yes, he did, your honor. But- Okay, so what is his relationship? What is his relationship with these other Bobkers? Right. Your honor, he is a family member, but he is not a manager. He has no- He's the brother of the manager. Yes. All right, Ben is the manager. Yes, your honor. But that is it. And he has a specific title on behalf of the Morgan Fund, who borrowed the money. But what is it? Does the record show what the Morgan Fund is? It's not in the record before you, your honor. That's true. And there's really no allegations within the claim or any of the briefs below from appellants as to any connection, alter ego. None of that has been raised. And frankly, raising a constructive trust at this point, it just wasn't raised below. So your honor, I just think it's very simple. We've had findings of fact by Judge Grossman. And those findings of fact were affirmed by the district court. The clearly erroneous standard would have to apply here. And again, a very simple, plain reading of the pledge agreement. Isn't this, there are issues of law in here. What your adversary is arguing is an issue of law, which is not looked at under clear error. Admit it, of course, your honor. That is subject to your de novo standard of review. But again, Judge Grossman also applied the law and applied the standards of avoidance as to an unperfected lien. But went further based on his findings of fact that there was the claim itself should be avoided because of the principles governing 544, which are when there are other legitimate claims in a bankruptcy estate where actual consideration is given. Then those claims should not be prejudiced by a claim that does not have the true indicia of a creditor. And the cases cited by the appellate, your honor, each one of those cases contain a traditional debtor-creditor relationship. The bank loaned the debtor money. All right, they might have messed up their perfection, but they actually loaned money to the debtor. Not the case here, your honor. Thank you. Thank you. We'll hear rebuttal. Thank you, your honors. The issue with respect to whether or not it matters that the money was lent to a party other than the debtor is not germane because both the Supreme Court and the Bankruptcy Code itself explicitly include in it, in the instance of the Bankruptcy Code, section 102.2, that a claim against property of the debtor is a claim against the debtor's estate. So the mere fact that this is a non-recourse obligation doesn't mean it is not a claim against the debtor's estate. And in fact, under 544A, the avoiding powers only allow the debtor in possession as the trustee to do what it can do under applicable law. In this case, an unperfected UCC results in a subordinated security interest, subordinate to perfected security interest. So it is incorrect to say that there is no claim against this estate. It is simply a matter of saying that this claim is a subordinated, wholly undersecured claim, which is just an unsecured claim. And that was what the bankruptcy court missed. And quite frankly, that's why there are no decisions that can be found that say, if you have an unperfected security interest, you have no claim against that debtor. It is simply not true. You have a claim, it is an- Just as a matter of curiosity, what does the record show about why Ms. Guthrie took it into her head to invest $650,000 in a loan to Morgan Funds that nobody ever heard of? Your Honor, I believe that there's a relationship that the parties knew each other outside of this context, and that's why the money was lent. The Bobkers and the appellant, it is not reflected in the record. Then that's why that agreement was originally made. And then that's why the Bobkers extended and added the collateral of this debtor, 11 East, to the mix when they entered into the amended loan agreement. And Your Honor, it's for that reason that I must urge the court to consider that this is a guarantee. A guarantee is a claim against this estate. There is no mistake of that. And that is why the bankruptcy court erred in taking the leap beyond the cases to which it's cited, and just extinguished the claim in its entirety. Thank you. Thank you very much. We will reserve decision, and in the case of United States versus Melville, we take it on submission. That's the last case on calendar. Please adjourn court. Thank you.